**Viktor Matveevich DEKHTYAROV, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 06–70614.

United States Court of Appeals, Ninth Circuit.

Submitted April 16, 2007.[*]

Filed April 24, 2007.

Joel H. Wolff, Bergstedt Wolff, P.S., Lynnwood, WA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Thankful T. Vanderstar, Esq., Immigration and Naturalization Service, Office of the District Counsel, Seattle, WA, Patricia A. Smith, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: O'SCANNLAIN, GRABER, and CLIFTON, Circuit Judges.

MEMORANDUM [**]

Viktor Matveevich Dekhtyarov, a native and citizen of Ukraine, petitions for review

---

[*] This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

[**] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

of a Board of Immigration Appeals ("BIA") decision that summarily affirmed the ruling of an Immigration Judge ("IJ") denying his application for asylum and withholding of removal. We have jurisdiction under 8 U.S.C. § 1252.

Where, as here, the BIA summarily affirms the IJ's decision, we review the IJ's decision as the final agency action. *See Zehatye v. Gonzales,* 453 F.3d 1182, 1184 (9th Cir.2006). We review for substantial evidence, *Baballah v. Ashcroft,* 367 F.3d 1067, 1073 (9th Cir.2004), and we grant the petition and remand.

The IJ denied Dekhtyarov's asylum claim, finding that there was no nexus between the harm suffered, or the fear of future harm, and Dekhtyarov's political opinion. *See INS v. Elias–Zacarias,* 502 U.S. 478, 481–82, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). In arriving at this conclusion, the IJ failed to consider Dekhtyarov's specific contention that he had been persecuted on account of his membership in a particular social group. Because it is the agency's role to evaluate an applicant's asylum claim in the first instance, *INS v. Ventura,* 537 U.S. 12, 16–18, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam), we remand for proceedings consistent with this disposition.

**PETITION GRANTED and REMANDED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.